**BOLICK–GILLMAN COMPANY, a Nevada corporation, Appellant,**

v.

**CONTINENTAL BAKING COMPANY, a Delaware corporation, Appellee.**

No. 16650.

United States Court of Appeals Ninth Circuit.

May 2, 1960.

**650**

Morton Galane, Las Vegas, Nev., for appellant.

G. William Coulthard, Las Vegas, Nev., Loeb & Loeb, Francis G. Stapleton, Lawrence Parke Watkin, Robert A. Holtzman, Los Angeles, Cal., for appellee.

Before POPE, BARNES and MERRILL, Circuit Judges.

PER CURIAM.

This action is brought under § 4 of the Clayton Act, 15 U.S.C.A. § 15, to secure treble damages for violation of § 1 of the Sherman Act, 15 U.S.C.A. § 1, and § 2(a) of the Clayton Act, 15 U.S.C.A. § 13. The District Court dismissed with prejudice the amended complaint of plaintiff for failure to state a claim upon which relief might be granted. Upon this appeal by plaintiff, we have concluded that such action was a premature disposition of the case in the light of the pleading and the potentials of proof.

Plaintiff alleged that it was a distributor of bakery products in Las Vegas, Nevada; that defendant was a manufacturer of bakery products operating out of Salt Lake City, Utah, maintaining a distributor in Las Vegas with whom plaintiff was in competition; that defendant maintained other distributors in communities in Utah and Eastern Nevada; that in prices charged to its distributors during the period from June 30, 1955, to April 15, 1956, defendant discriminated in favor of its Las Vegas distributor and against its other distributors and that the higher prices charged to the other distributors were used by defendant to make up for the lower prices charged to the Las Vegas distributor; that such favorable price discrimination enabled the Las Vegas distributor to maintain the existing price level of bakery products in Las Vegas, while plaintiff, in attempting to compete at such price level, was compelled to incur losses in excess of the credit allowed it by its manufacturer; that plaintiff's distributorship accordingly was cancelled on December 31, 1955, to plaintiff's loss and damage.

Plaintiff also alleged in a separate count that the direct and necessary result of an agreement between defendant and its Las Vegas distributor was the fixing of a maximum resale price.

Appellee asserts that no causal connection is shown between the acts of defendant and the fact that plaintiff was put out of business. It may also be said that other allegations of the complaint serve to obscure such causal connection and to render unclear the purpose of defendant in its alleged discrimination and agreement.

It cannot be said, however, that it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80. Dismissal of the action upon this pleading was not warranted. See 2 Moore, Federal Practice, § 1218 (2d Edition, 1948).

Reversed and remanded with instructions that the order dismissing the complaint with prejudice be set aside and for further proceedings.